DANIELLE OCHS, CA Bar No. 178677
danielle.ochs@ogletree.com
JASON P. BROWN, CA Bar No. 266472
jason.brown@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415-442-4810
Facsimile: 415-442-4870

Attorneys for Plaintiff
BEMIS COMPANY, INC.

Galen T. Shimoda (Cal. State Bar No. 226752)
attorney@shimodalaw.com
Erika R. C. Sembrano (Cal. State Bar No. 306635)
esembrano@shimodalaw.com
**Shimoda Law Corp.**
9401 East Stockton Blvd., Suite 200
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733

Attorneys for Defendant BRADLEY SUMMERS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEMIS COMPANY, INC., | Case No. 2:19-cv-00344-TLN-KJN |
| Plaintiff, | **STIPULATED PRELIMINARY INJUNCTION** |
| v. | |
| BRADLEY SUMMERS, | |
| Defendant. | |

**STIPULATED PRELIMINARY INJUNCTION**

WHEREAS on February 26, 2019, Plaintiff Bemis Company, Inc. ("Bemis" or "Plaintiff") filed the above captioned action ("Action") against Defendant Bradley Summers ("Summers" or "Defendant") (Bemis and Summers are collectively, the "Parties");

WHEREAS, on February 26, 2019, Bemis filed an *ex parte* Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue ("Motion");

WHEREAS, on February 28, 2019, the Court issued a temporary restraining order against Defendant and ordering various immediate action on the part of Defendant to maintain the status quo ("TRO");

WHEREAS on February 28, 2019, Plaintiff served Defendant with the Complaint, ex parte application, and TRO via personal service at Defendant's home residence;

WHEREAS, Defendant has not yet responded to Plaintiff's allegations against him in the Action or the Motion, but wishes to cooperate in bringing this matter to a resolution, including by way of this stipulation for the issuance of a preliminary injunction; and

WHEREAS, the Parties wish to maintain the status quo during the pendency of this Action and otherwise with to preserve the resources of the Court and the Parties:

NOW THEREFORE, consistent with the TRO ordered by this Court the Parties stipulate to the issuance of a preliminary injunction as set forth herein and request that the Court so Order:

a. Summers shall be enjoined from possessing, using, or disclosing any of the materials taken from Plaintiff's system, and any other property of Plaintiff's that came into his possession via external hard drive download, e-mail attachment, or other method;

b. Plaintiff shall be entitled to immediately conduct all discovery to ascertain the nature and extent of Defendant's alleged misappropriation;

c. Defendant is ORDERED to return to Plaintiff any and all of Plaintiff's property and trade secrets, including anything obtained by Defendant from Plaintiff at any time and is ORDERED to provide an accounting of same by no later than March 28, 2019;

d. Upon the return of all property and accounting as ordered hereinabove, Defendant is

1    Case No. 2:19-cv-00344-TLN-KJN
STIPULATED PRELIMINARY INJUNCTION
7630505_1

ORDERED to provide a written acknowledgment confirming that he has returned all of Plaintiff's property and trade secrets, including all of the data and confidential information of Plaintiff's clients;

   e.   Defendant, shall be enjoined and prohibited from destroying, altering, transmitting, or moving any documents, in whatever form, that may contain or reflect any of Plaintiff's trade secrets; and

   f.   The Court orders an inspection of Defendant's personal email, servers, hard drives, computer(s), mobile devices, PDAs, USB drives, solid state drives, flash drives, cloud storage locations and other electronic equipment or databases, including any hosted equipment ("Sources"), and subject to subparagraph (g) below, Defendant's work (Winpak, Inc.) ("Winpak") Winpak-issued laptop and cell phone, together with any other Winpak-owned devices, systems or data, that Defendant may have accessed at any time, including, but not limited to Defendant's Winpak-hosted e-mail account ("Winpak Sources") by a neutral forensic expert mutually agreed upon by the parties, and pursuant to search protocols, as agreed upon by the parties in good faith, to ascertain whether any of Plaintiff's trade secrets, including its customer data, exists in any form on any of the Sources or Winpak Sources listed herein.

   g.   Defendant shall immediately deliver to non-party Winpak's counsel any Winpak Sources that remain in his possession, custody, or control, which shall be held for safekeeping by Winpak's counsel pending good-faith discussions between Winpak and Plaintiff as to the Winpak Sources and the selection of a mutually agreeable neutral forensics expert.  Counsel for Winpak shall not destroy, alter, transmit, or move the Winpak Sources in whatever form except counsel may transfer the Winpak Sources to the neutral forensics expert. While in the custody of Winpak's counsel, the Winpak Sources shall not be copied, opened, powered on or altered in any way.

   h.   No security bond is required in this matter.

   i.   The Order to Show Cause Regarding the Issuance of a Preliminary Injunction is discharged without prejudice.

7630505_1

SO STIPULATED.

Dated: March 20, 2019         **Shimoda Law Corp.**


/s/ Erika R. C. Sembrano
Galen T. Shimoda
Erika R. C. Sembrano
Attorneys for Defendant Bradley Summers


DATED:  March 20, 2019        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**


By:  */s/ Jason P. Brown*
     DANIELLE OCHS
     JASON P. BROWN
     Attorneys for Plaintiff
     BEMIS COMPANY, INC.


IT IS SO ORDERED.

Dated: March 28, 2019

37615961.1

_____
Troy L. Nunley
United States District Judge